## Martin Mogk, Jr., by his Next Friend, v. The Chicago City Ry. Co.

1. MASTER AND SERVANT—*Liability for Trespasses of the Servant.*— A master is liable for a trespass committed by his servant, *bona fide* as such, and in the line of his employment.

2. SAME—*Trespasses for Which the Master is Not Liable.*—A trespass

committed by a servant merely to prevent an annoyance to himself is not an act for which the master is liable.

3. RES ADJUDICATA—*Appellate Court Decisions.*—Where the Appellate Court has once passed upon the questions involved in a case, its decision as to such questions remains the law of the case in all its subsequent stages, and is binding not only upon the trial court in subsequent trials but also upon the Appellate Court in subsequent appeals.

4. RES GESTÆ—*Declaration of Agents.*—The declaration of an agent or servant made in the immediate connection of the doing of some act in the line of his duty, and which relates to what he is doing so as to become part of the act or *res gestœ* itself, is always competent evidence to be used against the principal when the act done becomes the subject of judicial inquiry.

5. SAME— *What Declarations Are Not.*— The exclamation "get off, keep off," by a driver of a street car drawn by horses, and his acts in striking at boys running along the side of the car for fun, but not trying to get upon it, are not enough to prove that the driver was acting in the line of his employment.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Verdict and judgment for defendant by direction of the court; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed March 14, 1899.

C. M. HARDY, attorney for appellant.

The declarations of an agent or servant of the principal, made in the discharge and line of his duty and in the immediate connection of the doing of some act in the line of his duty, and which relate to what he is doing, so as to become part of the act or *res gestœ* itself, is always competent evidence to be used against the principal when the act done becomes the subject of judicial inquiry. This is allowed because the act and the declarations made in connection with it form one indivisible transaction. C. & St. L. R. R. Co. v. Ashling, 34 Ill. App. 108.

W. J. HYNES and H. H. MARTIN, attorneys for appellee.

The rule of law is well settled that, when an Appellate Court has once passed on questions in a case, its decision as to those questions remains the law of the case, in all its subsequent stages, and *res adjudicata*, binding, not only on the trial court in any subsequent trial, but also on the

Appellate Court itself on any subsequent appeal in the case. Oldershaw v. Knoles, 6 Ill. App. 325; Chi. Drop F. F. Co. v. Van Dam, 50 Ill. App. 470; C., M. & St. P. Ry. Co. v. Hoyt, 44 Ill. App. 48; Village of Desplaines v. Poyer, 22 Ill. App. 574; Cent. Warehouse Co. v. Sargent, 40 Ill. App. 438; C., M. & St. P. Ry. Co. v. Snyder, 27 Ill. App. 476; Allemania Ins. Co. v. Peck, 33 Ill. App. 548; Flower v. Brumbach, 30 Ill. App. 294; Ogle v. Turpin, 8 Ill. App. 453; Union M. Life Ins. Co. v. Kirchoff, 51 Ill. App. 67.

The Supreme Court has also repeatedly applied this rule of law.   Smyth v. Neff, 123 Ill. 310; Johnson v. Von Kettler, 84 Ill. 315; West v. Douglas, 145 Ill. 164; Hook v. Richeson, 115 Ill. 431; Moshier v. Norton, 100 Ill. 63.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover for personal injuries.   The Circuit Court instructed the jury to find the defendant not guilty, and the plaintiff appeals.

The facts are substantially as stated in the opinion filed when the case was formerly before this court, which is reported in 44 Ill. App., page 17, except that it is now urged, as stated by appellant's counsel :

" Upon the last trial a new and most important witness was produced, who heard the language of the driver in immediate connection with the doing of the act by him which caused the boy's injuries, and which related to what he was doing so as to become a part of the act or *res gestœ* itself.  *  *  *  Upon the first trial, appellant was absolutely without proof of the words used by the driver which accompanied his act of striking the boy with the lines. Herein, mainly, but not entirely, lies the difference between the evidence upon the first and second trials.   Herein, the court below erred in saying that ' the Appellate Court decided, on substantially the same facts we have in this case now, that the plaintiff could not recover,' and in instructing the jury to find the railway company not guilty, in accordance with his expressed opinion.   The new witness referred to  *  *  *  testified that at the time of the accident, she was going west along the north side of Thirty-first street, near Wallace street, after school hours,

and that she met school children on the street; that she heard the appellant halloo, which attracted her attention, especially to him, and saw him running along beside the car, saw him raise his hand and heard him speak; that she saw the driver turn and strike him with the lines, and say : ' Get off—keep off, you brute' or ' brat.' She further said: ' My best recollection is the word was brat; he would hardly call a little child a brute. I saw the driver strike at the child with the lines. I saw the lines, and they seemed to hit the child's arm or hand, and he dropped and fell; the lines wrapped around his waist and arm and threw him; I saw him fall and saw the car pass over his limb.' On cross-examination she said she first saw the boy just before he got to the car, just about to it, then running at a pretty good gait by the side of it; that he was about one-third of the way from the rear of the car to the front; that he ran the other two-thirds of the length of the car before the accident, and caught up with the front platform, while the horses were trotting along about as usual."

We have thus stated in the language of counsel for appellant, who, upon the former trial, represented the other side, the evidence upon which he relies. He claims that the evidence of this new witness "and other facts and circumstances proven in the case (which appellant fears this honorable court overlooked in considering the case at first), supply what this court found was lacking in the former record, that is, two out of the three conditions necessary to render the master liable for the act of his servant."

These conditions are stated in the former opinion of this court in language quoted from Arasmith v. Temple, 11 Ill. App. 39, that " a master is liable for trespass committed by his servant, *bona fide* as such, and in the line of his employment; but all these three conditions are necessary to make him liable; " and it was held that the only one of these conditions presented by the former record was that the driver was the servant of the appellant.

Does this additional testimony supply the other two conditions, namely, that the trespass was committed by the servant in good faith in his capacity as servant, and in the line of his employment ?

It is urged that the language used by the driver, accord-

ing to this new witness, at the time he struck the boy with the lines, indicates that he was acting within the line and scope of his employment to prevent the boy from getting on the car as a trespasser.

There is no evidence tending to show that it was in the line of the driver's employment to keep boys from getting on the car, even assuming—and it is pure assumption—that the language used indicates such intention.   Certainly it can not be presumed that it was within the line of his employment to use the driving lines as it is claimed that he did.  " Appellant could not," says his counsel, " have proven affirmatively that what the driver said and did were *bona fide*, and were said and done within the line of his employment;  these conditions can only be reasonably inferred from all the evidence and all the facts and circumstances in evidence; " and it is contended that this was a question which should have gone to the jury.   The argument is that because the declaration of an agent or servant (as stated in C. & St. L. R. R. Co. v. Ashling, 34 Ill. App. 99) " made in the discharge and line of his duty and in the immediate connection of the doing of some act in the line of his duty, and which relate to what he is doing so as to become part of the act or *res gestæ* itself, is always competent evidence to be used against the principal when the act done becomes the subject of judicial inquiry," therefore the evidence of these declarations should have been submitted to the jury. But this presupposes or assumes that the driver's exclamation was made in the discharge and line of his duty, and in immediate connection with " some act in the line of his duty."   Unless so made, they were not admissible.

In the discharge and line of his duty, the driver was driving the horses attached to the car.   This court found no evidence in the former record which justified or tended to support the conclusion that the driver was in the discharge and line of his duty in striking at the boy, who was not, according to his own statement, trying to get on the car at all, and had no such intention, but was running along beside the driver for fun, and making some gesture at him.

Unless this new evidence tended to prove that the driver was in the line and discharge of his duty when he struck at the boy, no error was committed in refusing to submit it to the jury. It is urged that the evidence of what the driver said when he struck at the boy, shows why he struck and the motive which prompted the action. Granting this, the words, " Get off—keep off," addressed to one who was not on nor intending to get on his car, but who was running along gesturing at him, can scarcely be competent evidence to prove that the driver was merely doing his duty in keeping off a trespasser; they, may, perhaps, indicate impatience at the conduct of one who was annoying him, but a trespass committed by a servant merely to prevent an annoyance to himself, is not an act for which the master is liable. It is doubtless true that it may not always be possible to prove affirmatively that the act of the servant is in the line of his employment, and that it can only be proved by evidence of facts and circumstances leading to that conclusion; but the facts and circumstances must be such as to justify the conclusion when fairly and fully considered in all their relations.

It is urged that the driver supposed the boy to be trying to get on the car, and that this was a legitimate inference from the boy's action and the driver's language. But the evidence does not justify such a conclusion, for the reasons above stated, and it would certainly be erroneous to submit a question to the jury and allow them to guess as to what was passing in the driver's mind.

The evidence indicates that the car driver, in the employ of the appellee, willfully—it may be sportively or maliciously—struck with his driving lines at the appellant, who was not a passenger nor intending to be one, and to whom appellee owed no obligation. This could not have been in the line of his employment.

The new evidence does not, in our judgment, strengthen the appellant's case. No error was committed in directing the jury to find the defendant not guilty, and the judgment of the Circuit Court is affirmed.